UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>STEPHEN GARY GRAF,<br><br>                Defendant. | Case No. 4:18-cr-00141-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.    INTRODUCTION

Pending before the Court is Defendant Stephen Gary Graf's pro se Motion to Reduce Sentence Pursuant to the First Step Act. Dkt. 46. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For reasons set forth below, the Court DENIES Defendant's Motion.

## II.    BACKGROUND

On April 24, 2018, a federal grand jury indicted Graf for Possession with Intent to Distribute Methamphetamine and Conspiracy to Distribute a Controlled Substance. Dkt. 1. The Court ordered Graf's release to pretrial supervision on May 17, 2018, with placement in the location monitoring program on home detention. Dkt. 13. Graf pled guilty to the charge of Possession with Intent to Distribute Methamphetamine, and on December 13,

2018, the Court sentenced Graf to 63 months imprisonment and four years of supervised release. Dkt. 29. Graf remained on home detention pending prison designation by the Bureau of Prisons ("BOP") until January 23, 2019, when he self-surrendered to federal prison at FCI Englewood, Littleton, Colorado. Dkt. 31.

On June 20, 2019, Graf filed a letter with the Court requesting that he receive credit towards his time served on home confinement. Dkt. 46. According to Graf, he was not credited for his time spent on home confinement from March 18, 2018 to January 23, 2019. Graf argues that the First Step Act made home confinement a place of confinement for a prisoner to serve his federal sentence in BOP custody and so he should receive credit for his time served on home confinement. The Court construes Graf's letter as a motion to reduce sentence pursuant to the First Step Act. Graf did not state in his motion whether he sought any administrative remedies prior to seeking relief with the Court.

### III. ANALYSIS

Preliminarily, the Court must consider whether it has authority to grant credit for time served. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). However, "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 112 S. Ct. 1351, 1354 (1992); *accord United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (sentencing court lacked jurisdiction to grant defendant the requested credit). "Rather, the Attorney General, through the Bureau of Prisons, is charged in the first instance with determining the amount of the defendant's

credit for time served." *United States v. Demers*, 992 F.2d 1220 (9th Cir. 1993). Thus, a defendant must "exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served." *Checchini*, 967 F.2d at 350. Here, the Government contends that Graf has not exhausted his administrative remedies.

More significantly, this action is filed in the wrong district. Generally, a prisoner may challenge his sentence under 28 U.S.C. § 2255. But where a prisoner argues he is entitled to credit against his sentence for time spent in custody prior to sentencing, he is challenging the execution of his sentence rather than the sentence itself. *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). In such circumstances, the prisoner must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* The Supreme Court has held that a writ under § 2241 must issue from the court with jurisdiction over the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973); *see also Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir. 1980).

Graf does not identify §§ 2255, 2241, or any other legal basis for his Motion. However, he asks the Court to credit the time he served under home confinement, both prior to and after his sentencing, towards his time served. As the Ninth Circuit found in *Giddings*, this issue concerns the execution of a defendant's sentence. 740 F.2d at 772. As such, it is properly raised under § 2241. *Id*. A petition under § 2241 must be filed in the district court in the district where defendant is confined. *Brown*, 610 F.2d at 677. According to the Court's records, that district is in Colorado, not Idaho.

For these reasons, the Court will deny Graf's Motion. Nothing in this Order precludes Graf from filing a proper motion under 28 U.S.C. § 2241 in the appropriate district.

## IV.    ORDER

IT IS HEREBY ORDERED:

1. Defendant's Motion to Reduce Sentence Pursuant to the First Step Act. (Dkt. 46) is **DENIED** without prejudice.

DATED: January 7, 2020

David C. Nye
Chief U.S. District Court Judge