UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN GARY GRAF,<br><br>Defendant. | Case No. 4:18-cr-00141-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Stephen Gary Graf's pro se Renewal Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 77. The Government has filed an opposition to the Motion, and the matter is ripe for the Court's consideration. Dkt. 80.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to DENY Graf's Motion.

## II. BACKGROUND

On April 24, 2018, a federal grand jury indicted Graf for Possession with Intent to Distribute Methamphetamine and Conspiracy to Distribute a Controlled Substance. Dkt. 1.

Graf pled guilty to the charge of Possession with Intent to Distribute Methamphetamine. Dkt. 29. On December 13, 2018, the Court sentenced Graf to sixty-three months imprisonment and four years of supervised release. *Id*. Graf is currently incarcerated at Federal Correctional Institution Englewood ("FCI Englewood") in Colorado, and his projected release date is May 23, 2023. Dkt. 67, at 2.

On April 2, 2020, Graf submitted a request to the Warden of FCI Englewood to be placed on home confinement due to his concern that his mother, who is the sole caregiver of Graf's 13-year-old son, may contract COVID-19. Dkt. 67-1. On April 6, 2020, Graf also submitted an Inmate Request to Staff, requesting that the Warden of FCI Englewood place him on home confinement due to his "inability to fight infections and the many types of antibiotics that are ineffective on [his methicillin-resistant staphylococcus aureus] ("MRSA")." Dkt. 64, at 2. The Federal Bureau of Prisons ("BOP") denied Graf's request on April 14, 2020 (Dkt. 67-2), and on April 23, 2020—after conducting an administrative review due to COVID-19—the BOP denied Graf's request for home confinement (Dkt. 67, at 2–3).

On May 10, 2020, Graf filed a letter with the Court requesting that he be released to home confinement due to his vulnerability to COVID-19. Dkt. 64. The Court construed Graf's letter as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposed Graf's request. Dkt. 67. On June 25, 2020, the Court denied Graf's Motion for failing to demonstrate "extraordinary and compelling" reasons warranting release. Dkt. 69.

Graf asserts that he requested compassionate release once more from the Warden at

FCI Englewood on June 15, 2020, but then "never heard back from him again." Dkt. 70, at 1. However, on August 28, 2020, the Warden responded to Graf's August 26, 2020, appeal of the denial of his home confinement request by explaining that Graf did not meet the requirements for home confinement. Dkt. 73-1, at 2. Specifically, the Warden stated that Graf had not served over 50% of his sentence and that the institutional medical staff did not indicate Graf was vulnerable to COVID-19. *Id.*

On September 9, 2020, Graf filed a Renewed Motion for Compassionate Release with the Court. Dkt. 70. Graf cited to his underlying health conditions, in conjunction with the Covid-19 pandemic, as reasons justifying his release. The Government opposed Graf's Motion. Dkt. 72. Graf replied on October 15, 2020. Dkt. 73. Based on information contained in Graf's reply, the Government filed a sur-reply. Dkt. 74. On February 23, 2021, the Court denied Graf's Motion. Dkt. 76. The Court first determined that Graf had failed to exhaust his administrative remedies and that while his illness may qualify as an "extraordinary and compelling reason" warranting release, the sentencing factors still weighed against release. Dkt. 76, at 11.

On September 21, 2021, Graf filed another Renewed Motion for Compassionate Release with the Court. Dkt. 77. Graf cited to his family circumstances as a reason justifying his release. *Id.* The Government opposes this motion. Dkt. 80.

### III. LEGAL STANDARD

Graf seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain

circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 4

denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Although Graf's initial Renewed Motion for Compassionate Release states that he requested compassionate release from the Warden at FCI Englewood on June 15, 2020, the evidence in the record is not clear as to whether this actually occurred. In Graf's reply to his prior motion, he attached a response from the Warden dated August 28, 2020, regarding his August 26, 2020, appeal of the denial of his home confinement request. Dkt. 73-1. That response, however, appears to relate to the circumstances giving rise to Graf's *prior* motion for compassionate release, not the current motion. As the Government noted in its reply, BOP has no record of Graf submitting any subsequent requests for compassionate release (after his April 2020 request which was the subject of the Court's prior decision). Dkts. 69; 80, at 3. Thus, it appears Graf failed to exhaust his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A) as it relates to the subject matter he currently brings before the Court.

### B. Extraordinary and Compelling Reasons

Despite Graf's apparent failure to exhaust remedies, the Court will, nevertheless, consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Graf bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

MEMORANDUM DECISION AND ORDER - 5

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Nonetheless, Graf's Motion suggests that one of the specific scenarios set out in U.S.S.G. § 1B1.13 applies in this case. Specifically, Graf seeks compassionate release under the "family circumstances" scenario in subdivision (C) of U.S.S.G. 1B1.13, Application Note 1.³ Graf argues that the incapacitation of his eighty-year-old mother who cares for his thirteen-year-old son constitutes an extraordinary and compelling reason warranting his release. Dkt. 77. The Court notes that it previously considered these same family circumstances as part of its Memorandum Decision and Order addressing Graf's initial Renewed Motion for Compassionate Release. Dkt. 76.⁴

---

³ The "family circumstances" of the defendant may constitute an extraordinary and compelling reason for release where:

    (C)    Family Circumstances.—

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, Application Note 1(C).

⁴ In relevant part, the Court observed that:

> In Graf's first request to the Warden of FCI Englewood seeking to be placed on home confinement, he argued that his family circumstances, specifically that his seventy-nine-year-old mother—whose age places her at higher risk of severe illness from COVID-19—is the sole caregiver of his twelve-year-old son, warranted his release to home confinement. However, in his present Motion for Compassionate Release, Graf does not present this argument to the Court. Nevertheless, the Court finds that this is not an "extraordinary and compelling circumstance" justifying release. See, e.g., USSG § 1B1.13 cmt. n. 1(C) ("extraordinary and compelling circumstance" includes "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"). The Court understands Graf's concerns. That said, the fear that an outcome may occur does not warrant a reduction in sentence or release to home confinement. See United States v. Eberhart, 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.").

Dkt. 76, at 7 n.4.

MEMORANDUM DECISION AND ORDER - 7

In his current motion, Graf adds that his mother's hip surgery caused her a mobility issue that warrants his release. Dkt. 77. The Court appreciates Graf's concerns. While wanting to care for one's elderly parents is admirable, it does not fall within the scope of either prong of the rule. Indeed, courts have consistently denied relief in similar circumstances. *See United States v. Goldberg*, Criminal Action No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i)."); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (need to care for 93-year old mother in hospice was not an extraordinary and compelling reason for compassionate release as "many, if not all inmates, have aging and sick parents").

Further, Graf fails to show that his elderly mother is incapacitated or otherwise incapable of caring for his thirteen-year-old child. In fact, the letter from Graf's sister, Teri, confirms that Graf's mother is doing a "fantastic job taking care of and raising Chace . . ." despite her health concerns. Dkt. 78. Graf also fails to show that his mother is the only available caregiver for his 13-year-old son. This reason is not an "extraordinary and compelling circumstance" justifying release. *See, e.g.*, USSG § 1B1.13 cmt. n. 1(C) ("extraordinary and compelling circumstance" includes "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children").

Finally, the Government argues that the application of the 18 U.S.C. § 3553(a)

factors continue to weigh against Graf's release. Dkt. 80, at 7; Dkt. 67, at 8–9.[5] In particular, the Government argues that Graf is still a danger to the community. *Id.* Specifically, the Government highlights Graf's conviction in this case for the distribution of methamphetamine. The Court agrees with this argument. The distribution of methamphetamine is a serious offense which perpetuates drug abuse in the community. Reducing Graf's term of incarceration from 63 months to 46 months, with more than a quarter of his sentence remaining, does not adequately reflect the seriousness of his actions. Therefore, the Court agrees that this is a compelling reason for denying Graf's motion.

In sum, the Court finds that Graf failed to exhaust his administrative remedies in this case, and he has failed to demonstrate an "extraordinary and compelling reason" for his release (under his "family circumstances" theory). Additionally, Graf has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior

---

[5] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

sentence and release Graf at this time. Accordingly, the Court must DENY Graf's renewed motion at this time.

The Court, however, is cognizant that circumstances with Graf's mother may change. If they do, Graf may renew his motion again. He must, however, exhaust his administrative remedies *prior to filing* as required under 18 U.S.C. § 3582(c)(1)(A).

## V. ORDER

The Court HEREBY ORDERS:

1. Graf's renewed Motion for Compassionate Release (Dkt. 77) is DENIED.

DATED: February 10, 2022

David C. Nye
Chief U.S. District Court Judge